# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NICOLE SWIATKOWSKI,

      Plaintiff,

      v.                                       Case No. 18-CV-1101

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

## DECISION AND ORDER

Nicole Swiatkowski seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

## BACKGROUND

Swiatkowski filed an application for supplemental security income alleging disability beginning on May 10, 2012 due to back pain, anxiety, depression, panic attacks, and agoraphobia. (Tr. 185.) Swiatkowski's application was denied initially and upon reconsideration. (Tr. 14.) Swiatkowski filed a request for a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 16, 2017. (Tr. 30–55.) Swiatkowski testified at the hearing, as did Jacquelyn Wenkman, a vocational expert. (*Id.* at 30.)

In a written decision issued May 18, 2017, the ALJ found that Swiatkowski had the following severe impairments: spine disorder, affective disorder (bipolar and/or depression),

and anxiety disorder. (Tr. 16.) The ALJ further found that Swiatkowski did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 17–18.) The ALJ found Swiatkowski had the residual functional capacity ("RFC") to perform light work but was limited to unskilled work; jobs having no more than occasional decision-making, changes in the work setting, and interaction with co-workers and supervisors; and jobs with no interaction with the public. (Tr. 18.)

As Swiatkowski had no past relevant work, the ALJ found that given her age, education, work experience, and RFC, other jobs existed in significant numbers in the national economy that she could perform. (Tr. 24.) As such, the ALJ found that Swiatkowski was not disabled from her July 15, 2014 application date to the date of the decision. (Tr. 25.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Swiatkowski's request for review. (Tr. 1–6.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions

drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

### 2.    *Application to this Case*

Swiatkowski argues the ALJ failed to properly account for her mental limitations in her RFC. In so doing, she argues the ALJ improperly discredited her allegations of severe mental symptoms and failed to give controlling weight to her treating psychologist, Dr. Pamela Schaefer. I agree that the ALJ's assessment of the limiting effects of Swiatkowski's anxiety disorder is erroneous and requires remand.

In evaluating the intensity, persistence, and limiting effects of a claimant's alleged symptoms, the ALJ must base his analysis on the entire record and consider a variety of factors, including: the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the claimant takes; treatment, other than medication, used for relief of the symptoms; other measures the claimant uses to relieve

the symptoms; and any other factors concerning the claimant's functional limitations due to the symptoms. 20 C.F.R. § 416.929(c)(3).

Swiatkowski alleges that she has severe agoraphobia. Agoraphobia is a "mental disorder characterized by an irrational fear of leaving the familiar setting of home, or venturing into the open, so pervasive that a large number of external life situations are entered into reluctantly or are avoided; often associated with panic attacks." Agoraphobia, *Stedman's Medical Dictionary* 18100 (28th ed. 2006). Swiatkowski alleges that she has extreme difficulty leaving her house and when forced to leave and interact with others, she becomes angry and agitated, often having panic attacks. While the ALJ acknowledged Swiatkowski's alleged symptoms, he disagreed with her statements regarding their intensity, persistence, and limiting effects. (Tr. 20.) The ALJ found Swiatkowski's alleged symptoms inconsistent with the record evidence. (*Id.*)

The ALJ discounted Swiatkowski's statements of disabling symptoms due to her mental impairments generally, based on the fact that she has worked in the past, earned a high school diploma, and attended college; demonstrated good objective functioning during two consultative examinations in October 2014 and May 2015 and had normal mood, affect, thought content, and behavior in two appointments in April and May 2014; sought sporadic treatment for her mental health symptoms; and had activities of daily living indicative of greater functioning than alleged. (Tr. 21.) However, the ALJ fails to provide a logical bridge between the evidence and his conclusion that Swiatkowski exaggerated her symptoms.

The ALJ failed to address Swiatkowski's agoraphobia specifically and ignored significant record support for Swiatkowski's allegations of agoraphobia, panic, anger, and irritability. (Tr. 20.) In September 2014, Swiatkowski's treating counselor, Deborah Lau

4

Schingen, reported that "over the past several months," Swiatkowski's ability to be in public places, drive alone, and interact with others was "very limited." (Tr. 277.) Schingen noted that Swiatkowski had frequent panic attacks to the point of being almost paralyzed and stated that there had been numerous times that Swiatkowski was unable to attend her weekly therapy sessions and requested a telephone consult. (*Id.*) While treating with Nurse Practitioner Christine Restivo-Pritzl for medication management, Swiatkowski reported that she was having difficulty leaving her home because of her anxiety. (Tr. 263, 267, 285.) Dr. Schaefer also recorded Swiatkowski experiencing a panic attack in a grocery store, where she dropped to the floor in the aisle, rocking and crying for about fifteen minutes. (Tr. 517.) As Swiatkowski treated at Advanced Pain Management for her back pain, the nurse practitioner frequently noted that Swiatkowski appeared anxious, despite being "alert and oriented to person, place, time." (Tr. 290, 349, 352, 355, 359, 363, 369, 387.) There is evidence that Swiatkowski's anxiety was so severe that it affected the treatment of her physical pain. For example, when it was recommended that Swiatkowski attempt physical therapy for her pain, she requested in-home physical therapy due to her severe anxiety. (Tr. 363.)

Beyond the evidence the ALJ failed to consider, the evidence the ALJ did consider does not support his conclusion. While it is true that Swiatkowski was able to work in the past, the sheer number of positions she held between 1997 and 2003 (approximately twenty-five) and the meager earnings she took home from each job indicate an inability to maintain employment. (Tr. 173–79, 530.) Indeed, Swiatkowski stated that she had been fired from past jobs because of panic attacks and disagreements with co-workers and customers. (Tr. 305.) The ALJ relied on the fact Swiatkowski previously worked as a cocktail waitress despite her anxiety disorder (Tr. 17) to discount her allegations; however, that job ended when she "told

off" her boss (Tr. 283). Swiatkowski was able to make approximately $4,000.00 and $5,000.00 in 2011 and 2012, respectively, by babysitting several children in her home (Tr. 37–38); however, Swiatkowski had to discontinue even that in-home work because she was getting increasingly angry and irritable with the children. (Tr. 46–47.) Thus, the mere fact Swiatkowski "has worked" (Tr. 21) does not tell the full story. Nor does the fact Swiatkowski obtained a high school diploma and attended college provide substantial justification for the ALJ's conclusion. (*Id.*) Swiatkowski dropped out of high school and subsequently earned her diploma through the Milwaukee Area Technical College. (Tr. 304.) Swiatkowski only attended "a little bit of college" after that and did not earn a degree or certificate. (Tr. 36.)

Neither does the ALJ's citation to four medical records where she had normal mood, affect, thought content, and behavior justify discounting her disabling anxiety symptoms. (Tr. 21.) Beyond the clear cherry-picking of these four records when the record as a whole is replete with instances of Swiatkowski appearing anxious or irritable at medical appointments (Tr. 290, 349, 352, 355, 359, 363, 369, 378, 387), even the four records the ALJ does cite do not support his position. For example, the ALJ cites the consultative examinations Swiatkowski underwent in October 2014 and May 2015 to show that she demonstrated "good objective functioning." (Tr. 21.) While she may not have shown impaired memory, concentration, or fund of knowledge and was oriented to time, person, place, and circumstance, in October 2014, the consultative examiner observed that Swiatkowski was hyperventilating, was crying to the point of her shirt being wet from her tears, had loud and pressured speech, and avoided eye contact. (Tr. 281.) The examiner noted that Swiatkowski was "anxious to the point of stuttering" (*id.*) and "appeared to be in a state of panic during the examination" (Tr. 282). During the May 2015 examination, a different consultative examiner noted that Swiatkowski

sat with a tense body posture; was rocking throughout the session; and was loud, agitated, and intense. (Tr. 305.)

The ALJ also points to records in April 2014 and May 2014 in which Swiatkowski again was alert and oriented times four with normal mood, affect, thought content, and behavior. (Tr. 21.) But again, the ALJ's citation to these records does not tell the full story. In April 2014, Swiatkowski reported to Nurse Practitioner Christine Restivo-Pritzl that her depression and anxiety were increasing, that she was having difficulty leaving her home, and was engaging in self-harm. (Tr. 263.) Restivo-Pritzl concluded that Swiatkowski was suffering from major depression and panic attacks and suspected a strong post-partum component "potentially bordering on psychosis." (Tr. 265.) And in May 2014, Restivo-Pritzl again noted that Swiatkowski was having significant difficulty leaving her home and was having panic attacks. (Tr. 267.) She observed that Swiatkowski "frequently cries, rocks side to side. Affect flat to animated to depressed." (Tr. 269.)

In sum, the cherry-picked records the ALJ chose cannot justify the finding that the record contradicts Swiatkowski's allegations of disabling symptoms. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The ALJ also discounted Swiatkowski's statements because Swiatkowski sought sporadic treatment for her mental impairments and the treatment she did receive "consisted of her reporting numerous subjective statements and treating providers trying various medication combinations, with little to no objective testing." (Tr. 21.) But in using Swiatkowski's sporadic treatment to discount her allegations of disabling symptoms, he

ignores the fact that Swiatkowski's disabling symptoms were the primary reason her treatment was sporadic. For example, in May 2014, Swiatkowski told Nurse Practitioner Restivo-Prtizl that she was trying to find a new psychiatrist to see, but her anxiety was making it difficult for her to consider seeing someone new. (Tr. 269.) And her treating psychologist, Dr. Schaefer, with whom she treated between May 2015 and February 2017, noted that Swiatkowski missed approximately half of her appointments because of her anxiety. (Tr. 513, 518.) Further, the ALJ's suggestion that the treatment Swiatkowski received for her anxiety, i.e., reporting subjective symptoms and trying various medication combinations, undermines her allegations of disabling symptoms of anxiety is improper. Therapy and medication are the typical treatments for anxiety. Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/generalized-anxiety-disorder/diagnosis-treatment/drc-20361045 (last visited Jan. 3, 2020). Also, it is unclear what objective testing the ALJ expects would have confirmed Swiatkowski's symptoms of agoraphobia, anger, and irritability; anxiety is generally diagnosed by a mental health professional asking detailed questions about one's symptoms and medical history. *Id.*; *see also Sabey v. Colvin*, No. 14 CV 3301, 2015 WL 9182518, at *7 (N.D. Ill. Dec. 17, 2015) ([A]nxiety disorder diagnos[is] rel[ies] primarily on a patient's description of his symptoms and [is] largely independent of a mental status examination.").

Finally, the ALJ relies too heavily on Swiatkowski's activities of daily living in discounting her allegations of disabling symptoms. As for her activities of performing household chores, preparing meals, reading to her son, managing money, watching television, and using the computer (Tr. 21), none of these require her to leave her house or interact with anyone besides her young son. Further, the ALJ relies on Swiatkowski's ability to drive and shop. (*Id.*) But the record indicates Swiatkowski's extreme difficulty doing both of those

activities. In May 2014, Swiatkowski indicated to Nurse Practitioner Restivo-Pritzl that she would only grocery shop late at night or very early in the morning to avoid people. (Tr. 267.) Swiatkowski testified that more typically, she has others pick up what she needs. (Tr. 39.) Swiatkowski also testified that she cannot drive by herself without having a panic attack. (Tr. 37.) Her testimony is supported by multiple records indicating that her anxiety was interfering with her ability to drive. (Tr. 267, 282.) The ALJ also overstates Swiatkowski's ability to function by relying heavily on the fact she cares for her children and "get[s] along well" with them. (Tr. 17, 21.) As the Seventh Circuit has stated, one "*must* take care of her children, or else abandon them to foster care or perhaps [other family], and the choice may impel her to heroic efforts." *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) (emphasis in original). And comparing Swiatkowski's ability to "get along" with her own children (one of whom was an infant for a good portion of the relevant time period) with her ability to get along with the general public is like comparing apples and oranges. Additionally, Swiatkowski did experience difficulties managing her toddler son, stating that her sixteen-year-old daughter helps her a lot. (Tr. 40, 44–45.) She further testified that because of her "short fuse" she has been in a position where she was "scaring" both her children and herself. (Tr. 47.) While the record does indicate that Swiatkowski spends time with a friend and a cousin (Tr. 285), she also stated that she does not see them that often (*id.*). In fact, besides her children, her most frequent social interaction was a "supportive friend" in Canada, whom she met online and communicated with via telephone. (Tr. 530.) This is consistent with Swiatkowski's inability to leave the house and interact with people face-to-face.

Given the ample support in the record for Swiatkowski's claims of disabling symptoms due to her anxiety, most notably her agoraphobia, the ALJ erred in discounting Swiatkowski's allegations based on inconsistency with the record.

Relatedly, the ALJ discounted Dr. Schaefer's opinion that Swiatkowski would be absent from work more than three times a month due to her mental impairments on the basis that it was "purely speculative, not based upon any objective finding, and outside her area of expertise." (Tr. 23.). But Dr. Schaefer's opinion was not based on speculation—she concluded that Swiatkowski would miss more than three days of work per month due to her mental impairments because her anxiety had caused her to miss approximately half of her scheduled appointments with Dr. Schaefer (she was scheduled to meet with Dr. Schaefer between two and four times per month) as well as appointments with other providers. (Tr. 510, 513, 518.) This is a reasonable conclusion drawn from her observations. And Dr. Schaefer, a licensed psychologist, is certainly qualified to opine as to how Swiatkowski's anxiety affects her functioning. The error in evaluating Dr. Schaefer's opinion reasonably could have affected the outcome, because the VE testified that an employer will not tolerate this level of absenteeism. (Tr. 53.)

For these reasons, the ALJ's decision is not supported by substantial evidence and is reversed.

## CONCLUSION

The ALJ erred in discounting Swiatkowski's allegations of disabling symptoms due to her anxiety disorder. His findings are inconsistent with the record as a whole. He also erred in evaluating the opinion of Swiatkowski's treating psychologist. Thus, remand is required. To the extent Swiatkowski requests this Court award her benefits in lieu of remanding the

case (Pl.'s Br. at 15, Docket # 23), an award of benefits is appropriate only "if all factual issues have been resolved and the record supports a finding of disability." *Briscoe ex rel Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). Here, there are unresolved issues and this is not a case where the "record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Therefore, the case is appropriate for remand pursuant to 42 U.S.C. § 405(g), sentence four.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 6th day of February, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge